# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| WHITING PETROLEUM CORPORATION, *et al.*,[1] | ) Case No. 20-32021 (DRJ) |
| Debtors. | ) (Jointly Administered) |

## STIPULATION AND AGREED ORDER
## RESOLVING OVINTIV'S MOTION TO RECONSIDER,
## ON A LIMITED BASIS, THE MINERAL INTEREST PAYMENT ORDER

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Ovintiv Production Inc. f/k/a Newfield Production Company ("Ovintiv," and together with the Debtors, each a "Party" and collectively, the "Parties"), hereby enter into this stipulation and order (the "Stipulation and Agreed Order"), as set forth below:

### RECITALS

**WHEREAS**, on April 1, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 15];

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Whiting Canadian Holding Company Unlimited Liability Corporation (3662); Whiting Petroleum Corporation (8515); Whiting US Holding Company (2900); Whiting Oil and Gas Corporation (8829); and Whiting Resources Corporation (1218). The location of the debtors' service address is: 1700 Lincoln Street, Suite 4700, Denver, Colorado 80203.

**WHEREAS**, on April 10, 2020, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 127];

**WHEREAS**, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b); and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

**WHEREAS**, on April 1, 2020, the Bankruptcy Court entered the *Final Order (I) Authorizing Payment of Mineral Obligations and (II) Granting Related Relief* (the "Mineral Interest Payment Order") [Docket No. 47] and the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts and (B) Continue to Perform Intercompany Transactions, and (II) Granting Related Relief* (the "Interim Cash Management Order") [Docket No. 50];

**WHEREAS**, on April 15, 2020, Ovintiv filed the Motion to Reconsider, on a Limited Basis, the Mineral Interest Payment Order (the "Motion") [Docket No. 143];

**WHEREAS**, the Parties have agreed to resolve the Motion as provided herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, subject to approval of this Stipulation and Agreed Order by the Court, by and between the Parties to this Stipulation and Agreed Order that:

1. The foregoing recitals are incorporated herein by reference as if set forth in full herein.

2. The Motion is GRANTED as set forth herein, and the Mineral Interest Payment Order and Cash Management Orders, as applicable, shall be deemed supplemented and amended as set forth herein.

3. The Debtors agree that to the extent Ovintiv accepts payment on account of any Mineral Obligations[2] pursuant to the Mineral Interest Payment Order, and the Debtors' interests in such payments are subsequently recharacterized or otherwise determined by the Court after notice and hearing to (x) constitute property of the Debtors' estates, (y) not give rise to a statutory, contractual, or other lien, privilege, or security interest, and (y) not to be subject to recoupment or other rights or defenses that would justify payment by the Debtors, the Debtors are authorized to seek to avoid such payment as a postpetition transfer under section 549 of the Bankruptcy Code, and all arguments, defenses, and other rights under applicable law of the Parties in connection with those proceeds are fully reserved and preserved. To the extent that a payment made to Ovintiv pursuant to the Mineral Interest Payment Order is avoided, the Parties shall be entitled to all rights, remedies, and defenses under applicable law that each Party would have otherwise been able to assert had Ovintiv not accepted such payment.

4. The Parties agree that with respect to the Interim Cash Management Order and any final Cash Management Order, the rights of Ovintiv to any proportionate share of production of hydrocarbons and the proceeds to which it is entitled under applicable law shall be preserved, and the rights of Ovintiv to seek relief from the Court to segregate such production proceeds or other protections pursuant to applicable law, including Rule 7(B) of the Complex Chapter 11 Guidelines, are fully reserved and preserved in all respects; *provided,* that the Debtors and all other parties in interest reserve all rights, if any, to object to any such request for relief by Ovintiv; *provided, further*, however, in connection therewith, Ovintiv shall not be prejudiced by anything in the Interim Cash Management Order or any final Cash Management Order.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Payment of Mineral Obligations and (II) Granting Related Relief* (the "Mineral Interest Payment Motion") [Docket No. 18].

3

5. Except as otherwise provided herein, nothing in this Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall be deemed: (a) an admission as to the validity of any prepetition claim against any Debtor entity; (b) a waiver of any Party's right to dispute any prepetition claim on any grounds; (c) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (d) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

6. Neither this Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall constitute evidence admissible against the Parties in any action or proceeding other than one to enforce the terms of this Stipulation and Agreed Order.

7. The terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon entry by the Bankruptcy Court.

8. This Stipulation and Agreed Order is intended by the Parties to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

9. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective parties and that the respective parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.

10. The Parties agree that each of them, through their respective counsel, has had a full opportunity to participate in the drafting of this Stipulation and Agreed Order and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

11. This Stipulation and Agreed Order constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

12. This Stipulation and Agreed Order shall not be modified, altered, amended or supplemented except by a writing executed by the Parties or their authorized representatives.

13. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order.

**IT IS SO ORDERED.**

Signed: _____, 2020
Houston, Texas

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**IN WITNESS WHEREOF,** the Parties, by their authorized counsel, executed this Stipulation and Agreed Order as of the date written below.

Houston, Texas
April 24, 2020

*/s/ Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Brian Schartz, P.C. (TX Bar No. 24099361) |
| Veronica A. Polnick (TX Bar No. 24079148) | Anna Rotman, P.C. (TX Bar No. 24046761) |
| 1401 McKinney Street, Suite 1900 | 609 Main Street |
| Houston, Texas 77010 | Houston, Texas 77002 |
| Telephone: (713) 752-4200 | Telephone: (713) 836-3600 |
| Facsimile: (713) 752-4221 | Facsimile: (713) 836-3601 |
| Email: mcavenaugh@jw.com | Email: brian.schartz@kirkland.com |
| jwertz@jw.com | anna.rotman@kirkland.com |
| vpolnick@jw.com | |

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

-and-

Gregory F. Pesce (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: gregory.pesce@kirkland.com

-and-

Stephen Hessler, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: stephen.hessler@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*/s/ Tye C. Hancock*
**THOMPSON & KNIGHT LLP**
Tye C. Hancock (TX Bar No. 24032271)
Anthony F. Pirraglia (TX Bar No. 24103017)
811 Main Street, Suite 2500
Houston, Texas 77002
Telephone:	(713) 654-8111
Facsimile:	(713) 654-1871
Email:	Tye.Hancock@tklaw.com
	Anthony.Pirraglia@tklaw.com

*Counsel to Ovintiv*